UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| AUDREY J. McQUAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 1:04-CV-97 |
| v. ) | |
| ) | JUDGE COLLIER |
| ) | MAGISTRATE JUDGE LEE |
| JO ANNE B. BARNHART, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

REPORT AND RECOMMENDATION

Plaintiff filed a complaint seeking judicial review of the Defendant's final decision that she was not entitled to a period of disability, disability insurance benefits, or supplemental security income under Titles II and XVI of the Social Security Act [Doc. No. 4]. On April 7, 2005, a report and recommendation was issued by the undersigned recommending that the Court reverse the Defendant's decision that Plaintiff was not disabled and remand the case for further proceedings [Doc. No. 22]. No objections were filed by either party to the report and recommendation. On May 20, 2005, the district judge adopted the report and recommendation and remanded this case for further proceedings [Doc. No. 23].

Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, Plaintiff now seeks $3,642.60 in attorney's fees for 29.10 hours of work performed. Plaintiff's motion for attorney's fees [Doc. No. 25], with supporting affidavit [Doc. No. 27] and memorandum [Doc. No. 26], was timely filed. On September 1, 2005, Defendant filed a timely response in opposition to the award

of fees under the EAJA [Doc. No. 33]. The motion for fees is before the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b).

## ANALYSIS

In order to recover attorney's fees under the EAJA, the following conditions must be met:

(1) The plaintiff must be a prevailing party;

(2) The application for attorney's fees, including an itemized justification for the amount requested, must be filed within 30 days of the final judgment in the action;

(3) No special circumstances warranting denial of fees may exist; and

(4) The government's position must be without substantial justification.

28 U.S.C. § 2412(d); *see also Damron v. Comm'r of Soc. Sec.*, 104 F.3d 853, 855 (6th Cir. 1997). In opposition to the motion, the Defendant claims fees should not be awarded because her position was substantially justified. Defendant does not question the amount of fees or work performed. Thus, the only issue is whether the Defendant's position in denying the Plaintiff Social Security benefits was substantially justified.

The Plaintiff must allege that there was no substantial justification for the government's position, but the burden of establishing that the government's position was substantially justified must be shouldered by the government. *See, e.g., Pierce v. Underwood,* 487 U.S. 552, 567 (1988); *Scarborough v. Principi,* 541 U.S. 401, 414-415 (2004). Plaintiff has met the pleading requirement for the no-substantial-justification-allegation and has submitted proof of fees as required for establishing an award of attorney's fees. The test of substantial justification is one of reasonableness and fees should not be awarded merely because the government lost its case. *Pierce*, 487 U.S. at 563-68.

When the Court reviewed the ALJ's decision denying Plaintiff benefits, it found the ALJ's determination that Plaintiff was not disabled unsupported by substantial evidence because the ALJ did not adequately articulate his findings that Plaintiff's seizure activity did not meet or equal a listed impairment. The Defendant argues that while the Court ultimately found the ALJ's decision was not supported by substantial evidence, the ALJ's decision was not so unreasonable that it warrants an award of attorney fees under the EAJA because the record evidence regarding Plaintiff's course of medical treatment did not support a claim she experienced disabling seizure activity, and because Plaintiff's reported daily activities did not support the subjective reports [Doc. No. 33, at 2-7]. Thus, the Defendant argues that the ALJ's step-three finding, while found not to be supported by substantial evidence, was substantially justified.

As stated in the report and recommendation adopted by the Court, the ALJ's discussion did not reflect consideration of the applicable listing or evaluation of the evidence in the light of the listing criteria during the relevant time period. The ALJ's failure to give reasons supporting his step three determination affected the outcome of Plaintiff's claim for benefits. The ALJ's opinion did not specifically contemplate or conclude whether Plaintiff experienced nonconvulsive epilepsy more frequently than once weekly, and the ALJ's discussion did not suggest whether he would find Plaintiff had seizures with the frequency required by the applicable listing, even though that finding could be supported by substantial evidence in the record. The ALJ's discussion did not address observations concerning claimed seizure activity, but instead focused on functional limitations. The ALJ's opinion also did not develop how long or how faithfully Plaintiff received or complied with antiepileptic treatment, so the decision did not state whether insufficient duration of, or nonadherence to, prescribed antiepileptic treatment was the reason he concluded Plaintiff did not

3

meet or equal any listed impairment. The ALJ's lack of evaluation and explanation did not allow the Court to conclude that substantial evidence supported the ALJ's step three conclusion. These same failures support a finding that the Defendant's position was not substantially justified, and I find the Defendant has not met the burden of demonstrating that the government's position was substantially justified.

Plaintiff requests that any award under the EAJA be made directly payable to her attorney, rather than to Plaintiff personally [Doc. No. 26, at 5]. The statute specifically states that such fees and expenses are awarded to "a prevailing party," and not to the party's attorney. *See* 28 U.S.C. § 2412(d)(1)(A). Therefore, any fees awarded under the EAJA, are properly awarded to the party, not the attorney, as argued by Defendant. *See United States v. McPeck*, 910 F.2d 509, 513 (8th Cir. 1990) (when a statute awards attorneys' fees to a party, the award belongs to the party, not to that party's attorney).

Thus, having reviewed the record, including the itemized billing, I find Plaintiff has met all requirements to receive an award of fees under the EAJA.

CONCLUSION

Accordingly, it is **RECOMMENDED** that Plaintiff's motion for attorney's fees under the EAJA [Doc. No. 25] be **GRANTED**,[1] and that Plaintiff be awarded attorney's fees in the amount

---

[1] Any objections to this Report and Recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 140 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).

of $3,642.60. Further, it is **RECOMMENDED** that Plaintiff's request that such fees be paid directly to her attorney be **DENIED**.

s/*Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE
